# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00395-CV

---

**J. C., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE 424TH DISTRICT COURT OF BURNET COUNTY
NO. 51642, THE HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING**

---

## MEMORANDUM OPINION

In June 2022, appellant J.C. (Mother) filed a notice of appeal from the trial court's de novo order regarding interlocutory order in suit affecting the parent-child relationship.[1] In the de novo order, the trial court terminated Mother's parental rights to her child C.W.T., but the rights of Child's alleged father remain pending at the trial court.

On August 16, 2022, the Clerk of this Court advised Mother that it appeared that this Court lacks jurisdiction over this matter because this Court does not have jurisdiction over appeals from interlocutory termination orders in parental-rights termination cases. *See C.R.D. v. Texas Dep't of Family & Protective Servs.*, Nos. 03-19-00561-CV, 03-19-00562-CV, 2019 Tex. App. LEXIS 8202, *1–2 (Tex. App.—Austin Sept. 11, 2019, no pet.) (mem. op.) (dismissing appeals for lack of jurisdiction because trial court's interlocutory order only disposed of one

---

[1] We refer to J.C. and her child by their initials or as Mother and Child. *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8.

parent's rights and claims regarding parental rights of other parties remained pending); *In re F.M.-T.*, No. 02-12-00522-CV, 2013 Tex. App. LEXIS 4364, at *2 (Tex. App.—Fort Worth Apr. 4, 2013, no pet.) (mem. op.) (dismissing appeal for lack of jurisdiction when trial court's interlocutory termination order did not dispose of one parent's rights as to one child); *see also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that "general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment" and that order is final for purposes of appeal if it disposes of all pending parties and claims).

This Court requested a response from Mother explaining how this Court may exercise jurisdiction over her appeal, and Mother has filed a response. Mother agrees that this Court does not have jurisdiction over her appeal because the rights of Child's alleged father remain pending in the trial court. She asks this Court to withdraw her interlocutory appeal and represents that she will file an appeal when the case is finally disposed of. Accordingly, we dismiss this appeal for want of jurisdiction.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Kelly

Dismissed for Want of Jurisdiction

Filed: August 26, 2022

2